UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TYLER DOUGLAS ASKER,<br><br>　　　　　Defendant. | Case No. 1:23-CR-00246-BLW-DKG<br><br>**REPORT AND RECOMMENDATION** |

　　　On January 26, 2024, Defendant TYLER DOUGLAS ASKER appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 35). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 24), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

　　　Because the offense to which Defendant entered his guilty plea is an offense in a case

REPORT AND RECOMMENDATION - 1

described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention but withdrew the motion during the initial detention hearing, where the parties agreed to a release plan. (Dkt. 14). Defendant was ordered released on conditions. (Dkt. 14, 16). A second detention hearing was held, whereupon Defendant was ordered detained until a stable residence was established. (Dkt. 21). Upon a motion to reopen detention, a third detention hearing was held on September 21, 2023, and Defendant was released upon conditions. (Dkt. 26, 28, 30). Defendant has remained on release since that time. Pretrial Services reports that Defendant has complied with the terms of his release and is gainfully employed. (Dkt. 39). The Government represents that they do not have any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant TYLER DOUGLAS ASKER's plea of guilty to Count Two of the Indictment (Dkt. 24).

2) The District Court order forfeiture consistent with Defendant TYLER DOUGLAS ASKER's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 24) and the Plea Agreement (Dkt. 35).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Three of the Indictment (Dkt. 24) as to Defendant TYLER DOUGLAS ASKER.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 30).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 26, 2024

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE